Boscoe V. Elswobth, J.
This is an article 78 (Civ. Prac. Act) proceeding initiated because parole officers of the State of New York are working more than 40 hours per week without overtime or compensatory time off. Section 134 of the Civil Service Law establishes a basic work week of 40 hours for State employees and authorizes the Director of the Budget to promulgate rules and regulations for carrying out the provisions of the statute. The section further provides that “ Such rules and regulations may exclude any title or individual position or positions, when the nature of the duties performed or the difficulty of maintaining adequate time controls makes it impracticable to apply to such title or individual position or positions the provisions of this section which prescribe a work week for basic salary and provide for overtime compensation or compensating time off in lieu thereof.” The petition alleges that the Budget Director has never excluded the position of parole officer from the basic 40-hour week.
With the approval of the Department of Civil Service on January 11, 1957 the Division of Parole adopted attendance rules which provided with respect to parole officers:
“ 1. Overtime may be accumulated (up to 30 days) or equivalent time off may be taken at the discretion of the immediate supervisor.
‘ ‘ 2. When the entire 30 days overtime has been accumulated, however, time off in lieu of overtime worked must be liquidated within the calendar month immediately following the month during which it was earned otherwise same will be forfeited.”
The petition alleges that such rulé is contrary to láw, arbitrary, capricious and unreasonable. It further alleges that ‘ ‘ petitioner was required by the Division of Parole to work more than thirty days of overtime and was prevented by the Division of Parole from liquidating his overtime accrued within the calendar month immediately following the month in which it was earned.”
With the approval of the Department of Civil Service on April 2,1958 the attendance rules of the Division of Parole were amended to provide for the cancellation of all unliquidated *341 overtime credit accrued in the year 1957 beyond 225 hours. The petition alleges, too, that such rule is contrary to law, arbitrary, capricious and unreasonable, and further that “ petitioner was prevented by the Division of Parole from liquidating overtime accrued when he had accumulated 225 hours unliquidated overtime.”
It is alleged that during the period from January 3, 1957 to date, the petitioner has been prevented by his superiors in the Division of Parole from liquidating his accrued overtime, and has been denied equivalent time off in lieu thereof or monetary compensation therefor. The Grievance Board denied an application for relief.
It is further alleged that in January, 1957, the Division of Parole because of its inability to permit the liquidation of accrued overtime by granting equivalent time off in lieu thereof made application to the Director of the Budget for the allocation of funds to compensate said employees at the rate provided by law for unliquidated overtime. The refusal of the Director of the Budget to allocate funds is also characterized as arbitrary and capricious.
The petition asks for compensation at the rate provided by law for overtime worked since January 3, 1957 or for the equivalent time off in lieu thereof.
Respondents have moved to dismiss the petition on the grounds that the petitioner does not state facts sufficient to entitle him to relief and that the petition is premature. Such motion is denied. The facts alleged, if true, and they must be so construed on this motion, indicate a palpably unlawful situation demanding judicial relief. Respondents are under a continuing duty to obey the statutory provisions as to the 40-hour week and there is no prematurity in seeking judicial action after the passing of several years during which the State of New York has failed to remedy an allegedly unlawful condition of employment.
The memoranda submitted by the parties to this proceeding take the position that the issues presented are issues of law only. Such position may be valid on the issue of whether petitioner is entitled to overtime compensation. Prior approval by the Budget Director for overtime compensation is a condition precedent to the securing of such. No approval was given and it cannot be said as a matter of law that the denial of approval is arbitrary and capricious. In any event, issues as to the right to time off cannot be disposed of as a matter of law. Respondents take the broad position that the Director of the Budget has the right to determine that parole officers are not entitled to a 40-hour week and has so determined. Whether the general rules *342 of the Budget Director have so ordained is not clear on the papers submitted. In fact, definite statutory standards exist under which the Budget Director is confined in excluding State employees from the basic 40-hour week, viz.: when the nature of the duties performed or the difficulty of maintaining adequate time controls makes it impracticable to apply a 40-hour week. Issues as to whether parole officers are excluded from time off or entitled to the same cannot be disposed of on this motion when the parties are in disagreement as to whether parole officers have or have not been excluded from the provisions of section 134 of the Civil Service Law.
Nor can the court determine as a matter of law that the 30-day limitation on time off and that the cancellation of all credits beyond 225 hours for overtime are arbitrary and capricious. The issues should be explored factually.
The papers submitted show that a problem of administration exists and the court agrees with the observation of petitioner that it is regrettable that he is compelled to seek the aid of the court to induce the State to comply with statutory provisions. It is the view of the court that a strong probability exists that petitioner will ultimately prevail. Because of the many problems of administration that would exist if such occurs, it would seem that the parties hereto would be desirous of working out a sensible and practical compromise program of relief. Respondents may have 20 days to answer after service of the order to be taken herein with notice of entry.